[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Assistant Attorney General Patricia Pac for plaintiff.
Alfred F. Morrocco for defendant.
On August 4, 1986, this court dissolved the marriage of the plaintiff, Joan Boucher, and the defendant, Francesco Talarico. Pursuant to the dissolution proceeding, Talarico was awarded custody of the two minor children born to this marriage. On March 31, 1993, the judgment of dissolution was modified by stipulation of the parties to reflect the fact that one of the children, Francis, would thereafter reside with his mother, the plaintiff herein.
At the time Francis went to live with the plaintiff, she was receiving $523.00 per month in Assistance to Families with Dependent Children ("AFDC") benefits for her and one other child not issue of the defendant. With the addition of Francis to her household, the plaintiff applied for and was granted additional AFDC benefits. Her AFDC award was increased to $631.00 per month.
On June 10, 1993, the State of Connecticut commenced support proceedings against the defendant by filing a Petition for Support Order. On August 5, 1993, the parties appeared before the court (Miller, F.S.M.). Although the state represented to the court that pursuant to the child support guidelines the defendant's CT Page 6836 ability to pay support was $75.00 per week, only $49.00[1] per week was requested. The defendant argued that he should only be required to pay $108.00 per month, the difference in the amount of benefits awarded to the plaintiff before and after Francis went to live with her. The family support magistrate agreed with the defendant and entered an order that he pay the state the sum of $28.00 per week.
The State of Connecticut now appeals from the decision of the Family Support Magistrate pursuant to General Statutes § 46b-231(n)(2) and argues that he improperly deviated from the child support guidelines. The defendant argues that this deviation was proper and required due to certain equitable factors implicating the relationships of the parties.
The child support guidelines, established pursuant to statutory mandate,
 shall be considered in all determinations of child support amounts and payment on arrearages and past due support within the state. In all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support or payment on any arrearage or past due support to be ordered. A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case, as determined under criteria established by the commission under section 46b-215a, shall be sufficient to rebut the presumption in such case.
General Statutes § 46b-215b.
I.
In the present case, the family support magistrate made a specific finding on the record that application of the child support guidelines would be inequitable and inappropriate. As required by § 46b-215b, the magistrate further found that strict adherence to the guidelines would be inappropriate according to criteria established by the commission for child support guidelines. The magistrate indicated that "other equitable factors" justified deviation in the present case.[2]
The issue for this court to resolve is whether deviation from the child support guidelines was appropriate in the present case. CT Page 6837 More specifically, this court must decide if the magistrate correctly determined that the fact that, after taking custody of Francis, Joan Boucher's AFDC award increased by a lesser amount than the state is seeking from the defendant falls within the rubric of "other equitable factors" such that deviation was permissible.
a.
In determining that "other equitable factors" justified deviation from the guidelines, the magistrate apparently agreed with the reasoning advanced by the defendant. The defendant argued that to require him to pay more child support that the state was paying to Boucher as a result of her taking custody of Francis would be inequitable. The defendant claimed that such an order would essentially obligate him to support a child that was not his.
This argument is flawed for several reasons. The fact that the AFDC award to the Boucher household increased by $108.00 per month with the addition of Francis is in no way indicative of the actual cost of rearing this child. As pointed out by counsel for the State of Connecticut, state assistance awards to families do not increase by the same increment with the addition of subsequent children. Presumably this increase of $108.00, which quite clearly is a lesser amount on a prorated basis, takes into account certain economies of scale realized by larger families with respect to particular living expenses such as food, rent and utilities. In this court's view, it is incorrect to assume that the sum of $108.00 could otherwise meaningfully assist in the support of an individual child.[3]
b.
In a recent decision, our Supreme Court found that the child support guidelines "substantially circumscribe the traditionally broad judicial discretion of the court in matters of child support."Favrow v. Vargas, 222 Conn. 699, 715 (1992). In Favrow, as in the present case, the "other equitable factors" criterion was at issue. The Supreme Court acknowledge that "the language of that criterion is very broad and would, at first glance, appear to give the trial court almost as much discretion as it had before the promulgation of the guidelines." Id. Notwithstanding this, the Supreme Court eschewed a liberal reading of this deviation criterion. The Court reasoned that such an interpretation would be inconsistent with the entire notion of mandatory child support guidelines which impose standards that are presumptively binding CT Page 6838 on the court or magistrate.[4] Id., 714-15.
Guided by the principles annunciated in Favrow, this court finds that the magistrate erred in determining that the "other equitable factors" criterion provided a basis for deviating from the guidelines. This court notes that "The Schedule of Basic Child Support Guideline" ("schedule"), which is used in the determination of the support obligation, is substantially based on the combined income of both parents. While various figures are included in making a "Gross Income Determination" according to the schedule, expressly excluded from this determination are federal, state and local public assistance grants. 1991 Guidelines, p. 10.
In this court's view, it would be anomalous to specifically and expressly exclude the AFDC award received by Boucher in the computation of income, but then allow such an award to be the basis for deviating from the guidelines. As in Favrow, "[p]ermitting such an application of the deviation criteria would be . . . to read the catch-all, fourteenth deviation criterion so as to be inconsistent with and, in effect, to govern the application of the guidelines themselves." Favrow v. Vargas, supra, 716. This court finds that such a reading of the "other equitable factors" criterion was improper. Accordingly, the magistrate's order is reversed, and the case is remanded for a new hearing on the petition.
Jackaway, Judge.